IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK E. KOLAR, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 07-3864 |
| PREFERRED REAL ESTATE | : |
| INVESTMENTS, INC., ET AL., | : |
| | : |
| Defendants. | : |

MEMORANDUM AND ORDER

**Tucker, J.**                                                                                             **June ___, 2008**

Presently before the Court is Defendants' Motion to Dismiss (Doc. 8). Oral argument on Defendants' Motion was held before the Court on April 1, 2008. For the reasons set forth below, upon consideration of Defendants' Motion, Plaintiff's Response (Doc. 10), Defendant's Reply (Doc. 11), Plaintiff's Supplemental Response (Doc. 15), and Defendants' Supplemental Reply (Doc. 16), the Court will grant Defendants' Motion to Dismiss.

BACKGROUND

From the evidence of record, taken in a light most favorable to the Plaintiff, the pertinent facts are as follows. Plaintiff, Erik E. Kolar, brings this breach of contract and RICO action against Defendants Preferred Real Estate Investments, Inc. ("PREI")[1]; Preferred Real Estate Developers, L.P. ("PRED"); Island View Crossing I, L.P. ("Island View"); Lee Park Investors, L.P. ("LPI"); Hamilton-NJ Holdings, L.P. ("Hamilton"); 240 Princeton Avenue Associates ("Princeton"); Hunting Fox Associates V, L.P. ("Hunting Fox"); Rivertown Holdings, L.P. ("Rivertown"); and Michael G.

---

[1] Since commencement of the instant action, PREI has changed its name to Preferred Unlimited, Inc.

O'Neill.   All parties are citizens of the Commonwealth of Pennsylvania.

In the early 1990s, O'Neill founded PREI, a corporation engaged in the real estate industry. PREI's business involves the acquisition of real property by single-purpose limited partnerships (hereinafter the "Affiliates") that are, in turn, owned by the principals of PREI.  Each of the Affiliates is governed by a separate written partnership and operating agreement although the terms of each agreement are substantially the same.  PRED, which is also owned by PREI's principals, is a limited partner of each Affiliate.  Generally, the initial capital required for each Affiliate is funded *pro rata*, directly or indirectly, by PREI's principals in accordance with their respective ownership interests in that Affiliate and/or in accordance with their respective ownership interests in PRED.  The Affiliates include but are not limited to Island View, LPI, Hamilton, Princeton, Hunting Fox, and Rivertown (hereinafter collectively "Defendant Affiliates").  PREI derives its income from the development of the properties acquired via the Affiliates, together with construction, management, and related services rendered to and in connection with such real estate acquisitions.

In 1998, Plaintiff joined PREI as its president and a shareholder.  In 2005, Plaintiff resigned from PREI as an employee, officer, and director.  Pursuant to a Separation Agreement, Plaintiff retained his minority equity interests in PRED and the Defendant Affiliates and all rights and benefits associated therewith. Subsequent to execution of the Separation Agreement, Defendants undertook certain capital transactions involving the Defendant Affiliates, which would entitle Plaintiff to distributions.  Plaintiff alleges that Defendants, under the control and express direction of O'Neill, diverted and/or misappropriated monies thereby due and payable to Plaintiff.  Defendants asserted a variety of reasons for not distributing such monies to Plaintiff, including Defendants' entitlement to use Plaintiff's monies on account of "capital calls" that Defendants claim Plaintiff is

obligated to satisfy in connection with his existing equity interests in other Affiliates. Plaintiff also alleges that Defendants sent to Plaintiff, by mail or electronic mail, various communications (1) inducing Plaintiff to fund the aforementioned capital calls, (2) diverting to other business entities monies otherwise distributable to Plaintiff, (3) allowing the Affiliates, PREI, and PRED, to be unlawfully managed and operated in violation of their respective governing documents and fiduciary duties, and (4) permitting O'Neill to use Plaintiff's funds and/or property for his own personal benefit, all to the detriment and harm of Plaintiff.

Plaintiff's Complaint alleges breach of contract; breach of fiduciary duty; intentional interference with contractual relationships; conversion; unjust enrichment; and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, specifically 18 U.S.C. § 1962(a), (c)-(d).[2] In addition, Plaintiff seeks a declaratory judgment that he is not obligated to fund capital calls and an accounting of Defendants' business activities subsequent to his resignation from PREI.

Defendants now move to dismiss Plaintiff's RICO claims under Fed. R. Civ. P. 12(b)(6) for

---

[2] In pertinent part, the RICO Act provides:

§ 1962. Prohibited activities

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
....

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ....

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a) ... or (c) of this section.

18 U.S.C. § 1962(a), (c)-(d).

failure to state a claim and if such claims are dismissed, request that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the Complaint in its entirety.[3]

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn

---

[3] Defendants have also filed an action against Plaintiff in the Court of Common Pleas, Montgomery County, alleging abuse of process with respect to the instant action, breach of contract, tortious interference with prospective economic relations, and defamation.

Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

## DISCUSSION

The RICO Act enables a private litigant to bring a civil action to recover treble damages for injury sustained as a result of another's violation of the Act's provisions.  18 U.S.C. § 1964(c).  The Act sets forth four categories of prohibited activities which give rise to liability.  Id. § 1962.  Plaintiff's claims are predicated on three of these categories, namely (1) use or investment of racketeering income; (2) conducting an enterprise through a pattern of racketeering activity (mail and wire fraud); and (3) conspiracy to commit substantive violations of the Act.  Id. § 1962(a), (c)-(d).

As a general matter, Defendants contend that Plaintiff's claims put into issue various contractual disputes—e.g., disputes concerning interpretation of the Separation Agreement and the limited partnership agreements, and the proper allocation of proceeds from various business ventures—which, as a matter of law, do not amount to RICO violations.  Defendants also argue that Plaintiff's Complaint suffers from several pleading deficiencies, mandating dismissal of his RICO claims.  Specifically, Defendants claim that Plaintiff has failed to allege (1) an injury caused by the "use or investment" of racketeering income; (2) a RICO enterprise separate and distinct from

Defendants; (3) a RICO enterprise distinct from the alleged pattern of racketeering conduct; (4) requisite predicate acts, namely mail and wire fraud; (5) a pattern of racketeering activity; and (6) a substantive RICO violation to support a conspiracy claim.

This Court will grant Defendants' Motion to Dismiss as to Plaintiff's RICO claims because Plaintiff has failed to allege (1) "use or investment" injury, (2) a RICO enterprise separate and distinct from Defendants, (3) predicate acts of mail and wire fraud, and (4) a substantive RICO violation to support a conspiracy claim.[4]  Having dismissed Plaintiff's RICO claims and because there exist no diversity jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss Plaintiff's Complaint in its entirety.

    **A.**    **Plaintiff's RICO Claims**

        **1.**    **Section 1962(a) - Use or Investment of Racketeering Income**

Defendants argue that Plaintiff has failed to allege an injury caused by the "use or investment" of racketeering income required to state a claim under 18 U.S.C. § 1962(a). Plaintiff, relying on the U.S. Supreme Court's decision in Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), counters that he need not allege an injury stemming from "use or investment" income provided that he has alleged injury stemming from commission of predicate acts—i.e., mail and wire fraud.   In the alternative, Plaintiff argues that he has adequately pled "use or investment" injury.

First, to state a claim under § 1962(a), Plaintiff must allege use or investment injury. Section 1962(a) makes it "unlawful for any person who has received any income derived ... from a pattern of racketeering activity ... to use or invest" such income or the proceeds of such income to acquire,

---

[4] Other arguments set forth by Plaintiff in opposition to Defendants' Motion to Dismiss will not be discussed as there is sufficient basis to grant Defendants' Motion.

establish, or operate an enterprise that affects interstate commerce. 18 U.S.C. § 1962(a). Congress enacted this provision in an attempt to halt investment of racketeering proceeds into legitimate business. Brittingham v. Mobil Corp., 943 F.2d 297, 303 (3d Cir. 1991). A violation of § 1962(a) "occurs not when the defendant engages in the predicate acts, but only when he uses or invests the proceeds of that activity in an enterprise." Id. at 304. Thus, to adequately plead a § 1962(a) claim, the plaintiff must allege an injury stemming from the defendant's use or investment of income garnered from racketeering activity, distinct from an injury flowing from the predicate racketeering acts, or allegedly fraudulent activities.[5] Glessner v. Kenny, 952 F.2d 702, 709 (3d Cir. 1991) (citing Sedima, 473 U.S. at 495); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991); Marrazzo v. Bucks County Bank & Trust Co., 814 F. Supp. 437, 441 (E.D. Pa. 1993).

Next, Plaintiff has failed to allege "use or investment" injury. Plaintiff's Complaint alleges that Defendants used the mails and wires to divert income from transactions in which Plaintiff had a sizeable monetary interest to other entities to satisfy capital call obligations not owed by Plaintiff or to fund the operations of other Affiliates in which Plaintiff had a smaller or no monetary interest. See Complaint at 24-32. Plaintiff contends that Defendants' use of the diverted income for the aforementioned purposes constitutes "use or investment injury." Plaintiff's contention is flawed as Plaintiff's alleged injury flows solely from Defendant's diversion of income to sources other than Plaintiff, not from Defendant's ultimate use or investment of the diverted income. See, e.g., Lugosch v. Congel, 443 F. Supp. 2d 254, 271 (N.D. N.Y. 2006) (determining that dismissal of the plaintiff's

---

[5] The Third Circuit further stated that Sedima's holding—"where the elements of a RICO violation are present, the only injury necessary to confer standing on a plaintiff is injury flowing from the predicate acts"—is limited to claims brought under § 1962, which makes it unlawful to conduct an enterprise through a pattern of racketeering activity. Glessner v. Kenny, 952 F.2d 702, 709 (3d Cir. 1991) (citing Sedima, 473 U.S. at 495).

§ 1962(a) claim was warranted because the plaintiff's alleged injuries arose from "diversion of funds away from their proper uses," irrespective of where the funds were ultimately diverted). Because Plaintiff has not articulated an injury specifically linked to use or investment of income garnered from racketeering activity, Plaintiff has failed to state a claim under § 1962(a).

### 2.    Section 1962(c) - Conducting an Enterprise via a Pattern of Racketeering

Defendants argue that Plaintiff's § 1962(c) claim must fail because Defendants are not separate and distinct from the alleged enterprise. To state a claim under § 1962(c), the plaintiff must allege that (1) a person conducted (2) an enterprise through (3) a pattern of (4) racketeering activity. 18 U.S.C. § 1962(c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). The statutory language of § 1962(c) requires the RICO defendant or person to be separate and distinct from the alleged enterprise. Kehr Packages, 926 F.2d at 1411 (stating that because § 1962(c) requires a finding that the defendant "person" conducted or participated in the conduct of the affairs of an "enterprise" through a pattern of racketeering activity, the "person" charged with a violation of § 1962(c) must be separate and distinct from the "enterprise"). The plaintiff must allege existence of two distinct entities: the "person" and the "enterprise," which cannot simply be the "person" referred to by a different name. Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001).

The RICO Act defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Id. § 1961(4). An enterprise may include any union or group of individuals associated in fact provided that the members of the de facto association joined together in pursuit of a common purpose. United States v. Turkette, 452 U.S. 576, 580

(1981).  However, "[i]f the members of the enterprise are the same as the persons, [§ 1962(c)'s] distinctness requirement has not been met, as the 'person' and the 'enterprise' must not be identical." Zavala v. Wal-Mart Stores, Inc., 447 F. Supp. 2d 379, 383 (D.N.J. 2006).

      Here, Plaintiff alleges that each Defendant is a separate legal entity—natural person, corporation, and several limited partnerships—each of which is capable of acquiring a legal or beneficial interest in property.  Plaintiff also alleges that collectively Defendants form an enterprise, which Plaintiff defines as "a group of entities which together are associated in fact for the purpose of engaging in a course of conduct, *viz.*, the acquisition, management and sale of parcels of real property which affect interstate commerce."  Complaint at 22.  While Plaintiff properly alleges that each Defendant is a RICO person and the Defendants form an enterprise, or a de facto association engaged in a common pursuit, Plaintiff has failed to meet § 1962(c)'s distinctiveness requirement because Plaintiff's RICO persons and alleged RICO enterprise are one and the same.  Kushner, 533 U.S. at 161; Zavala, 447 F. Supp. 2d at 383; see also Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 73 (3d Cir. 1994) (affirming dismissal of § 1962(c) claim alleging an association-in-fact of a parent corporation, subsidiaries, and corporate officers); Polymer Dynamics, Inc. v. Bayer Corp., No. 99-4040 (E.D. Pa. Oct. 24, 2003) (stating that an organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself).

      **3.**    **Racketeering Activity - Mail and Wire Fraud**

      Defendants argue that Plaintiff has failed to adequately allege racketeering conduct as Plaintiff attempts to convert routine mailings and e-mails to mail or wire fraud violations merely by appending the words "false" or "fraudulent" to them.  A RICO plaintiff must allege that the defendant engaged in statutorily-defined "racketeering activity," commonly known as predicate acts

9

or offenses. See 18 U.S.C. §§ 1961(1), 1962; Annulli v. Panikkar, 200 F.3d 189, 192 (3d Cir. 1999) (noting that only those acts defined as "racketeering activity" can serve as predicate offenses under the RICO Act). Plaintiff claims that Defendants engaged in predicate acts of mail and wire fraud. See id. § 1961(1), see also id. §§ 1341, 1343 (federal mail and wire fraud statues). To successfully plead predicate acts of mail and wire fraud, plaintiff must allege that the defendant used the U.S. mail and interstate wires in furtherance of a scheme or artifice to defraud. Kehr Packages, 926 F.2d at 1415-17; see also Annulli, 200 F.3d at 200 n.9 (stating that while wholly intrastate use of the U.S. mail for fraudulent purposes can constitute a violation of the mail fraud statute, the wire fraud statute is violated only through interstate use of the wires). The communications sent via U.S. mail and interstate wires must be "'incident to an essential part' of the scheme'" to defraud. Freedom Med., Inc. v. Gillespie, No. 06-3195, 2007 U.S. Dist. LEXIS 63720, at *40-41 (E.D. Pa. Aug. 29, 2007) (quoting Schmuck v. United States, 489 U.S. 705, 714 (1989)). While the scheme "need not be fraudulent on its face," it "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." Kehr Packages, 926 F.2d at 1415.

In addition, the plaintiff's allegations must meet the heightened pleading standards of FED. R. CIV. P. 9(b). Lum v. Bank of Am., 361 F.3d 217, 220 (3d Cir. 2004). FED. R. CIV. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. The purpose of Rule 9(b) is to provide notice of the "precise misconduct with which defendants are charged" in order to give them an opportunity to respond meaningfully to a complaint, "and to prevent false or unsubstantiated charges." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (citing Seville Indus. Machinery v. Southmost

Machinery, 742 F.2d 786, 791 (3d Cir. 1984)).  To satisfy Rule 9(b), a plaintiff must "plead with particularity the circumstances  of the alleged fraud." Rolo, 155 F.3d at 658 (citing Seville Indus. Machinery, 742 F.2d at 791).  Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).  Plaintiffs need not, however, "plead the 'date, place or time' of the fraud, so long as they use an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Rolo, 155 F.3d at 658 (citing Seville Indus. Machinery, 742 F.2d at 791).

Here, Plaintiff alleges that in an effort to defraud Plaintiff of monies otherwise payable to him, Defendants sent or caused to be sent to Plaintiff a series of mailings and five e-mails containing false or misleading financial information regarding the Affiliates, including information calculated to induce Plaintiff to either satisfy capital obligations or to refrain from challenging property transactions involving the Affiliates.  Complaint at 26-28.  While Plaintiff has specified five e-mails which were allegedly sent in furtherance of a scheme to defraud, Plaintiff has wholly failed to explain with particularity "how these or any other communications were false or misleading, or how they contributed to the alleged fraudulent scheme."  Cooper v. Broadspire Servs., Inc., No. 04-5289, 2005 U.S. Dist. LEXIS 14752, at *25 (E.D. Pa. July 20, 2005) (quoting Warden v. McLelland, 288 F.3d 105, 114 (3d Cir. 2002)).  Instead, Plaintiff simply states that the communications were false or misleading because Defendants were not entitled to withhold the funds from Plaintiff.  Such conclusory assertions contain neither the precision nor substantiation necessary to satisfy Rule 9(b)'s heightened pleading standard.  Rolo, 155 F.3d at 658 (citing Seville Indus. Machinery, 742 F.2d at 791); Cooper, 2005 U.S. Dist. LEXIS 14752, at *18 ("[A] general assertion of 'fraud' or some other

bald assertion or legal conclusion provides no information of the precise misconduct alleged for either the Court or the defendant and therefore is insufficient under Rule 9(b)") (citing In re Rockefeller Ctr. Properties, Inc. Secs. Litig., 311 F.3d 198, 216 (3d Cir. 2002); Shapiro v. UJB Fin. Corp., 964 F.2d 272, 285 (3d Cir. 1992)); see also Morse, 132 F.3d at 906 & n.8 (stating that when deciding a motion to dismiss, the court will accept as true well-pled factual allegations but will not so accept legal conclusions cast in the form of factual allegations).

Further, Plaintiff's allegations show nothing more than various contractual disputes between the parties. Plaintiff acknowledges that Defendants purported to act under a claim of right to the funds withheld from Plaintiff and the communications at issue merely outline Defendants' position as to the finances of the Affiliates and the parties' contractual rights and obligations. Plaintiff's allegations merely reveal that Plaintiff disagrees with Defendants' position. Such a "disagreement does not rise to the level of fraud; at most, it alleges a contract dispute." Lum, 361 F.3d at 226.

### 4. Section 1962(d) - Conspiracy

Defendant argues that Plaintiff's RICO conspiracy claim must fail if Plaintiff's substantive RICO claims are dismissed. Section 1962(d) makes it unlawful "to conspire to violate the provisions of subsections (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." Cottman Transmission Sys., LLC v. Kershner, 536 F. Supp. 2d 543, 561 (E.D. Pa. 2008) (quoting Lightning Lube v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993)). Here, Plaintiff claims that Defendants have conspired to violate sections 1962 (a) and/or 1962(c). Complaint at 35. Because Plaintiff has failed to allege claims under 1962(a) and (c), his conspiracy claim under § 1962(d) must be dismissed.

**B.      Plaintiff's State Law Claims**

Lastly, Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss Plaintiff's Complaint in its entirety. The supplemental jurisdiction statute provides that where the district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). As stated above, Plaintiff has failed to state claims under the RICO Act, namely § 1962(a), (c) and (d). What remains of Plaintiff's Complaint are state law claims. Because all parties are citizens of the Commonwealth of Pennsylvania, diversity jurisdiction does not exist. See id. § 1332. The Court, therefore, finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss Plaintiff's Complaint in its entirety.

## CONCLUSION

For the foregoing reasons, this Court will grant Defendants' Motion to Dismiss. An appropriate order follows.